# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 09/09/2024 02:02:11 PM.
30-2024-01424644-CU-CR-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** WESTCLIFF PLAZA RETAIL LLC, a Delaware limited
*(AVISO AL DEMANDADO):* liability company; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** THOMAS LANAGAN, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2024-01424644-CU-CR-CJC<br><br>Assigned for All Purposes<br><br>Judge Andre De La Cruz |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Craig G. Cote, Esq., #132885
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610                                                    949-200-8755

DATE:
*(Fecha)* 09/13/2024   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by *J. Esquivel* , Deputy
*(Secretario)* *(Adjunto)*

J. Esquivel

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* westcliff Plaza Retail llc
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):* 17701 Corp code llc
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Thomas Lanagan | |
| DEFENDANT: Westcliff Plaza Retail LLC | **Sep 13, 2024** |
| Short Title: LANAGAN VS. WESTCLIFF PLAZA RETAIL LLC | Clerk of the Court<br>By: J. Esquivel, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2024-01424644-CU-CR-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>02/24/2025</u> at <u>01:30:00 PM</u> in Department <u>C11</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters – https://www.occourts.org/media-relations/civil.html
Probate/Mental Health – https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division – https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles – https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental – https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones – https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự – https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần – https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm – https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _J. Esquivel_____, Deputy

**NOTICE OF HEARING**                                                                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

---

**SHORT TITLE:** LANAGAN VS. WESTCLIFF PLAZA RETAIL LLC

---

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2024-01424644-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 09/13/2024. Following standard court practice the mailing will occur at Sacramento, California on 09/16/2024.

Clerk of the Court, by: _J. Esquivel_ _____ , Deputy

MANNING LAW, APC
26100 TOWNE CENTRE DRIVE
FOOTHILL RANCH, CA 92610

---

CLERK'S CERTIFICATE OF SERVICE BY MAIL

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

Electronically Filed by Superior Court of California, County of Orange, 09/09/2024 02:02:11 PM.
30-2024-01424644-CU-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig G. Cote, Esq.　　　　SBN: 132885<br>Manning Law, APC<br>26100 Towne Centre Drive, Foothill Ranch, CA 92610<br>TELEPHONE NO.: 949-200-8755　　FAX NO.: 866-843-8308<br>EMAIL ADDRESS: disabilityrights@manninglawoffice.com<br>ATTORNEY FOR *(Name):* Thomas Lanagan | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: Thomas Lanagan v. Westcliff Plaza Retail LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter　　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2024-01424644-CU-CR-CJC |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [X] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is　[X] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary　b. [X] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4. Number of causes of action *(specify):* 1: ONE
5. This case [ ] is　[X] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You ma*

Date: 08/29/2024

Craig G. Cote, Esq.
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　　　(SIG　　　　　　OR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
      relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Westlaw Doc & Form Builder

Docusign Envelope ID: [illegible] California, County of Orange, 09/09/2024 02:02:11 PM.
30-2024-01424644-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By J. Esquivel, Deputy Clerk.

1  Craig G. Cote, Esq. (State Bar No. 132885)
2  **MANNING LAW, APC**
   26100 Towne Centre Drive
3  Foothill Ranch, CA 92610
   Office: (949) 200-8755
4  DisabilityRights@manninglawoffice.com

5

6  Attorney for Plaintiff: THOMAS LANAGAN

7

8             SUPERIOR COURT OF CALIFORNIA

9            IN AND FOR THE COUNTY OF ORANGE

10                                          Assigned for All Purposes
                                            Judge Andre De La Cruz

11 THOMAS LANAGAN, an individual,    | Case No. 30-2024-01424644-CU-CR-CJC

12           Plaintiff,              | Verified Complaint For Injunctive Relief and
                                     | Damages For:
13
   v.                               | 1. Violations of the Americans with Disabilities
14                                   |    Act [42 U.S.C. §§ 12101-12189] (the "ADA")
15
   WESTCLIFF PLAZA RETAIL LLC, a    | 2. Violations of the Unruh Civil Rights Act
16 Delaware limited liability company; and |    [Cal. Civil Code §§ 51 - 53] (the "UCRA")
   DOES 1-10, inclusive,
17
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28

                              1

Docusign Envelope ID: CF30015A-8360-492A-B69C-DD42C74FBE17

Plaintiff, THOMAS LANAGAN ("Plaintiff"), hereby complains of Defendants WESTCLIFF PLAZA RETAIL LLC, a Delaware limited liability company; and Does 1-10 ("Defendants") and alleges the following on information and belief based upon investigation and advice of counsel, except as to Plaintiff's own acts, which are hereby alleged upon personal knowledge as follows:

## **PARTIES**

1.      Plaintiff is an adult New Jersey resident.

2.      Plaintiff's musculoskeletal systems are impaired, resulting in weakness, fatigue, pain, and loss of strength in his legs which substantially limits the major life activities of walking standing, sitting, and ambulating.

3.      Plaintiff, a heart transplant recipient, also has an impaired cardiovascular system, contributing to his limitations in the major life activities of walking, standing, sitting and ambulating.

4.      As a result of these disabilities, Plaintiff often relies upon mobility devices.

5.      Plaintiff is informed and believes and thereon alleges that Defendants WESTCLIFF PLAZA RETAIL LLC, a Delaware limited liability company, and DOES 1-3, owned the property located at 1020 Irvine Ave, Newport Beach, CA 92660 ("Property") on May 13, 2024 (the "Date of Visit") upon which CVS ("Business") is located.

6.      Plaintiff is informed and believes and thereon alleges that Defendants WESTCLIFF PLAZA RETAIL LLC, a Delaware limited liability company, and DOES 1-3, currently own the Property.

7.      The Business is a facility open to the public, a place of public accommodation, and a business establishment.

8.      Plaintiff does not know the true name of DOE Defendants, that may be related to the Business and/or Property. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction over this action.

10.    This Court has personal jurisdiction over Defendants because they conducted and continue to conduct substantial business in the State of California, County of Orange, and because Defendants' offending Business & Property are located in this County.

11.    Defendants conduct substantial business in this County.

12.    A substantial portion of the conduct complained of herein occurred in this County.

**PROCEDURAL BACKGROUND**

13.    Plaintiff has standing to sue Defendant(s) in the Superior Court of California insofar as Plaintiff "has been the victim of the defendant's discriminatory act." *Angelucci v. Century Supper Club* (20087) 41 Cal.4th 160, 175.

14.    Disability discrimination is indistinguishable in many ways from race and sex discrimination in that it can attack the individual's sense of self-worth in much the same fashion as race or sex discrimination.  *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143.

15.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

16.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

17.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards.

18.    Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative readily achievable, methods. 42 U.S.C. § 12182(b)(2)(A)(v).

3

Docusign Envelope ID: CF30015A-8360-492A-B69C-DD42C74FBE17

19.     A failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements. 42 U.S.C. § 12183(a)(1).

20.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

21.     California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the UCRA.

## FACTUAL ALLEGATIONS

22.     Plaintiff personally visited the Business on or about Date of Visit.

23.     Plaintiff purchased items sold at the Business on the Date of Visit.

24.     Plaintiff obtained a receipt from the Business on the Date of Visit.

25.     On the Date of Visit, Plaintiff also evaluated the Business and the Property for compliance with the ADA and the UCRA.

26.     Parking spaces are one of the facilities, privileges, and advantages reserved by Defendants to persons at the Property serving the Business.

27.     Unfortunately, although facilities, privileges, goods, and services are provided at the Business and the Property for customer use, the conditions present at the Business and Property on the Date of Visit failed to comply with the applicable ADA Standards for Accessible Design.

28.     On the Date of Visit, instead of having architectural barrier free facilities for patrons with disabilities, the subject property contained ADA violations as follows:

29.     An accessible parking area whose slope exceeds ADAAG specifications (Section 502.4).

30.     Due to architectural barriers in violation of one or more of the ADA standards for accessible design, the parking, paths of travel, and demarcated accessible spaces at the Property; and the interior conditions of the Business at the Property violate the ADA and UCRA, are inaccessible, and denied Plaintiff's right and entitlement to full and equal access.

Docusign Envelope ID: CF30015A-8360-492A-B69C-DD42C74FBE17

31.     Because Defendants WESTCLIFF PLAZA RETAIL LLC, a Delaware limited liability company, and DOES 1-3, own, operate and/or lease the Property, they are responsible for the violations of the ADA and UCRA that exist at the Property and/or the Business.

32.     Subject to the reservation of rights to assert further violations of law after a site inspection found infra, Plaintiff asserts there are additional ADA violations which affect him personally at the Business and/or the Property.

33.     Plaintiff is informed and believes and thereon alleges Defendants has had no policy or plan in place to make sure that the Business and/or the Property complied with ADA requirements prior to the Date of Visit.

34.     Plaintiff personally encountered ADA violations at the Business and/or upon the Property and/or has been made aware of them by virtue of the investigation of counsel.

35.     The presence of the ADA violations relates to Plaintiff's disability, denied and continue to deny Plaintiff the right to enjoy accessible conditions at Defendants' public place of accommodation, denied Plaintiff full and equal access, and therefore invades legally cognizable interests protected by the ADA and the UCRA.

36.     The conditions identified *supra* are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, and sitting; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, and relate to the slope and condition of the accessible parking and accessible path to the accessible entrance.

37.     As an individual with a mobility disability who often relies upon mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

38.     Plaintiff and other members of the disabled community are ongoingly being subjected to the ADA violations alleged herein by Plaintiff.

39.     The Defendants, and each of them, continue to maintain the inaccessible conditions and engage in the discriminatory conduct alleged herein such that Plaintiff is entitled to the requested relief under California law.

VERIFIED COMPLAINT

40.     Plaintiff is being deterred from patronizing the accommodations provided for public use at the Business and/or the Property due to Plaintiff's knowledge of the ongoing existence of discriminatory ADA violations thereat.

41.     As a result of the inaccessible conditions of the Business and/or the Property, Plaintiff has been denied full and equal access to the Business and/or the Property on one or more particular occasions.

42.     Remediation by Defendants of the ADA violations alleged herein to bring them into compliance with ADA requirements is easily accomplishable without undue burden or expense and is therefore readily achievable to remove.

43.     To the extent full compliance with ADA requirements at the Business and/or the Property is not readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access that have not been affected by the Defendants.

44.     Given the obvious and blatant ADA violations alleged herein, Plaintiff alleges that it is likely there are other ADA violations at the Business and/or the Property that relate to Plaintiff's disability.

45.     Plaintiff will amend this complaint to further describe the full scope of the ADA violations at issue in this case once a site inspection is completed.

46.     Whether or not alleged in this version of Plaintiff's complaint, Defendants are hereby on notice that Plaintiff seeks and will seek to have all ADA violations related to Plaintiff's disability remedied and brought into compliance with ADA requirements.

47.     Without injunctive relief, Plaintiff and other members of the disabled public are being and will continue to be denied full and equal access to the Business and the Property in violation of the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE ADA

### 42 U.S.C. §§ 12101-12189

48.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action

Docusign Envelope ID: CF30015A-8360-492A-B69C-DD42C74FBE17

as though fully set forth herein.

49.     Defendants have maintained conditions as alleged herein at the Business and/or the Property that violate the ADA.

50.     The ADA violations alleged herein are readily achievable to remove.

51.     Plaintiff and other disabled members of the general public are being deprived of their right and entitlement to full and equal access to the Business and/or the Property due to the existence of the ADA violations alleged herein.

52.     The ADA violations alleged herein are ongoing, have deprived Plaintiff of full and equal access on a particular occasion, and continue to deny full and equal access to Plaintiff and other disabled persons.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE UCRA**

**CALIFORNIA CIVIL CODE §§ 51 - 53**

53.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

54.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

55.     By violating the ADA, Defendants are violating the UCRA, Civil Code § 51 *et seq.*, by denying disabled customers full and equal access to the goods and services offered at the Business and Property.  The ADA violations alleged herein are ongoing.

56.     Civil Code § 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

**PRAYER**

**WHEREFORE, Plaintiff prays that this court provide relief as follows:**

1.     For a Declaratory Judgment that at the commencement of this action Defendants

7

VERIFIED COMPLAINT

owned, maintained, and/or operated the Business and/or the Property in a manner which discriminated against Plaintiff and other persons with disabilities and that Defendant took insufficient action to ensure that the Business and the Property were fully accessible to and independently usable by Plaintiff and other persons with disabilities in violation of law.

2. For permanent injunctive relief, pursuant to and appropriate to comply with the ADA, compelling Defendants to remove all presently existing ADA violations within 90 days of judgment or whatever other date certain determined by the Court to be fair and just.

3. To the extent that complete removal of all presently existing ADA violations is not readily achievable, for permanent injunctive relief pursuant to and appropriate to comply with the ADA compelling Defendants to make the Business and the Property accessible through alternative methods.

4. **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act or the Unruh Civil Rights Act at all.

5. For an award of actual damages and/or statutory damages of not less than $4,000 per occurrence pursuant to California Civil Code §§ 52 and 55.56.

6. For an award of $4,000.00 in statutory damages for each specific instance of deterrence at the Business and Property pursuant to California Civil Code §§ 52 and 55.56.

7. For reasonable attorney fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: September 6, 2024          **MANNING LAW, APC**

By: _____
Craig G. Cote, Esq.
Attorney for Plaintiff

8

VERIFIED COMPLAINT

Docusign Envelope ID: CF30015A-8360-492A-B69C-DD42C74FBE17

# VERIFICATION

I am a party to this action and I have read the foregoing Complaint titled Lanagan v. Westcliff Plaza Retail LLC, et al. and I know its contents. The facts in the complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/6/2024 _____    By:_____

THOMAS LANAGAN

VERIFIED COMPLAINT

DAL-005

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY: | STATE: | ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF:

  DEFENDANT:

| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR** ☐ **STAY AND EARLY EVALUATION CONFERENCE** ☐ **JOINT INSPECTION** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*                                        requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

   a. ☐ **CASp-Inspected Site**
      (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and
      (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

   b. ☐ **New Construction**
      (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;
      (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and
      (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

   c. ☐ **Small Business**
      (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);
      (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and
      (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.
      (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*
      ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and
      ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. July 1, 2016]

Page 1 of 2

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
**(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

DAL-005

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

**3. d.** ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

**4.** Defendant requests that the court:

    **a.** Stay the proceedings relating to the construction-related accessibility claim.

    **b.** Schedule an early evaluation conference.

    **c.** Order defendant to:

        (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

        (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

    **d.** Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

    **e.** ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

_____       ▶      _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____       ▶      _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
*(Disability Access Litigation)*

**For your protection and privacy, please press the Clear**

ADVISORY NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A COURT STAY (AN ORDER TEMPORARILY STOPPING ANY LAWSUIT) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT AND MAY BE ASSESSED REDUCED STATUTORY DAMAGES IF YOU MEET CERTAIN CONDITIONS.

If the construction-related accessibility claim pertains to a site that has a Certified Access Specialist (CASp) inspection report for that site, or to a site where new construction or improvement was approved after January 1, 2008, by the local building permit and inspection process, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form applicable to you are true.

FURTHER, if you are a defendant described above (with a CASp inspection report or with new construction after January 1, 2008), and, to the best of your knowledge, there have been no modifications or alterations completed or commenced since the CASp report or building department approval of the new construction or improvement that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim, your liability for minimum statutory damages may be reduced to $1,000 for each offense, unless the violation was intentional, and if all construction-related accessibility violations giving rise to the claim are corrected within 60 days of being served with this complaint.

ALSO, if your business has been served with a complaint filed by a high-frequency litigant, as defined in subdivision (b) of Section 425.55 of the Code of Civil Procedure, asserting a construction-related accessibility claim, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55 of the Civil Code, you may also be entitled to a court stay and an early evaluation conference. If you choose to request a stay and early evaluation conference, you may also request to meet in person with the plaintiff and counsel for both parties, as well as experts if the parties so elect, at the subject premises no later than 30 days after issuance of the court order to jointly inspect the portions of the subject premises and review any conditions that are claimed to constitute a violation of a construction-related accessibility standard.

IN ADDITION, if your business is a small business that, over the previous three years, or the existence of the business if less than three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria, you may also be entitled to the court stay and early evaluation conference and your minimum statutory damages for each claim may be reduced to $2,000 for each offense, unless the violation was intentional, and if all the alleged construction-related accessibility violations are corrected within 30 days of being served with the complaint.

If you plan to correct the violations giving rise to the claim, you should take pictures and measurements or similar action to document the condition of the

physical barrier asserted to be the basis for a violation before undertaking any corrective action in case a court needs to see the condition of a barrier before it was corrected.

The court will schedule the conference to be held within 70 days after you file the attached application form.

The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at www.courts.ca.gov/selfhelp-start.htm.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at www.courts.ca.gov/selfhelp-start.htm.

You may file the application without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Section 55.55 of the Civil Code.

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION**
**FOR BUILDING OWNERS AND TENANTS**
**(Disability Access Litigation)**

Civil Code, § 55.3
*www.courts.ca.gov*

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

