1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11    THOMAS LANAGAN,                          Case No. 8:24-cv-02237-JWH-JDE

12              Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
13         v.                                 **MOTION TO REMAND [ECF No.
                                              10]**
14    WESTCLIFF PLAZA RETAIL LLC,
          and
15    DOES 1-10, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Before the Court is the motion of Plaintiff Thomas Lanagan to remand this action to Orange County Superior Court.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and opposition,[2] the Court **DENIES** Lanagan's Motion.

## I.  BACKGROUND

Lanagan, who has disabilities that limit his mobility, commenced this action against Defendant Westcliff Plaza Retail LLC in Orange County Superior Court in September 2024.[3]  Lanagan asserted two claims for relief:  (1) violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12189; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code. §§ 51-53.[4]  Both of those claims arise from a visit that Lanagan made to Westcliff Plaza, at which time Lanagan discovered "[a]n accessible parking area whose slope exceeds [ADA] specifications."[5]

In October 2024, Westcliff Plaza removed this action to this Court on the basis of federal question jurisdiction.[6]  Lanagan then filed the instant Motion, in which he argues that although the ADA claim arises under federal law, the

---

[1]    Pl.'s Motion to Remand Case to Orange County Superior Court (the "Motion") [ECF No. 10].

[2]    The Court has considered the documents of record in this action, including the following papers:  (1) Notice of Removal (the "Notice") [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Memorandum in Opposition to the Motion (the "Opposition") [ECF No. 11]; and (5) Pl.'s Reply in Support of the Motion (the "Reply") [ECF No. 14].

[3]    *See* Complaint.

[4]    *See generally id.*

[5]    *Id.* at ¶ 29.

[6]    *See* Notice.

1  action should be remanded to state court because Lanagan lacks Article III

2  standing.[7]  Westcliff Plaza opposes Lanagan's Motion.[8]

## II.  LEGAL STANDARD

4     Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey

5  possess only that power authorized by Constitution and statute."  *Kokkonen v.*

6  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the

7  basis for federal jurisdiction must appear affirmatively from the record.  *See*

8  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of

9  removal is entirely a creature of statute and a suit commenced in a state court

10  must remain there until cause is shown for its transfer under some act of

11  Congress."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal

12  quotation marks omitted).  When Congress has acted to create a right of

13  removal, those statutes, unless otherwise stated, are strictly construed against

14  removal jurisdiction.  *See id.*

15     To remove an action to federal court under 28 U.S.C. § 1441, the

16  removing defendant "must demonstrate that original subject-matter jurisdiction

17  lies in the federal courts."  *Syngenta*, 537 U.S. at 33.  As such, a defendant may

18  remove civil actions in which either (1) a federal question exists; or (2) complete

19  diversity of citizenship between the parties exists and the amount in controversy

20  exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.

21     The right to remove is not absolute, even when original jurisdiction exists.

22  The removing defendant bears the burden of establishing that removal is proper.

23  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)

24  (noting the "longstanding, near-canonical rule that the burden on removal rests

25  with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

26

---

27  [7]  *See* Motion.

28  [8]  *See* Opposition.

1   1992) ("The strong presumption against removal jurisdiction means that the

2   defendant always has the burden of establishing that removal is proper.")

3   (quotation marks omitted).  Any doubt regarding the existence of subject matter

4   jurisdiction must be resolved in favor of remand.  *See id.* at 566 ("Federal

5   jurisdiction must be rejected if there is any doubt as to the right of removal in the

6   first instance.").

### III.  ANALYSIS

8       Lanagan argues that, although his ADA claim arises under federal law,

9   this action must be remanded to state court because Lanagan lacks Article III

10  standing to pursue the ADA claim in federal court.[9]  In opposition, Westcliff

11  Plaza argues that Lanagan has Article III standing and that remanding this action

12  would improperly allow Lanagan to circumvent federal jurisdiction.[10]

13      Before a federal court may exercise jurisdiction over a claim, the plaintiff

14  must demonstrate that he or she has Article III standing.  *See Lujan v. Defenders*

15  *of Wildlife*, 504 U.S. 555, 561 (1992).  To do so, a plaintiff must establish that he

16  or she has "suffered an injury in fact—an invasion of a legally protected interest

17  which is (a) concrete and particularized . . . and (b) actual or imminent, not

18  conjectural or hypothetical."  *Id.* at 560 (internal citations and quotation marks

19  omitted).  The burden to satisfy the injury-in-fact requirement is particularly

20  demanding for plaintiffs who seek injunctive relief—those plaintiffs "must

21  demonstrate a 'real and immediate threat of repeated injury' in the future."

22  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

23  Additionally, the plaintiff must demonstrate that the injury is traceable to the

24  defendant's conduct and that it is "likely" that "the injury will be redressed by

25  a favorable decision."  *Id.*

26

27  [9]    *See* Motion.

28  [10]    *See* Opposition.

-4-

1    Individual plaintiffs such as Lanagan may receive only injunctive relief

2  under the ADA, so, to pursue their claims in federal court, those plaintiffs must

3  demonstrate a "real and immediate" threat of future harm. *Chapman*, 631 F.3d

4  at 946.  The Ninth Circuit has recognized two ways in which an ADA plaintiff

5  can satisfy that standard.  First, a plaintiff can allege that he or she "intends to

6  return to a noncompliant accommodation and is therefore likely to reencounter a

7  discriminatory architectural barrier." *Id.* at 950.  Second, a plaintiff can allege

8  that "discriminatory architectural barriers deter him from returning to a

9  noncompliant accommodation." *Id.*  Either way, a plaintiff must also "identify[]

10  which barriers [he or she] had encountered" and explain how those barriers

11  "affected his specific disability." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907

12  (9th Cir. 2011).

13    Here, Lanagan has not alleged that he intends to return to Westcliff

14  Plaza,[11] and he asserts that the absence of that allegation deprives the Court of

15  subject-matter jurisdiction.[12]  But Lanagan also avers that he "is being deterred

16  from patronizing the accommodations provided for public use at [Westcliff

17  Plaza] due to [Lanagan's] knowledge of the ongoing existence of discriminatory

18  ADA violations."[13]  Lanagan further asserts that the noncompliant parking space

19  that he encountered at Westcliff Plaza affected Lanagan because he is

20  "substantially limited in the major life activities of walking, standing,

21  ambulating, and sitting" and "is the holder of a disabled parking placard."[14]  At

22  this stage of the litigation, those allegations satisfy Lanagan's burden to establish

23  that he has Article III standing. *See Chapman*, 631 F.3d at 950.

24

25  [11]    *See* Complaint.

26  [12]    *See generally* Motion.

27  [13]    Complaint ¶ 40.

28  [14]    *Id.* at ¶ 36.

## IV. DISPOSITION

For those reasons, Lanagan's instant Motion to remand [ECF No. 10] is

**DENIED.**

**IT IS SO ORDERED.**

Dated:    February 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE